UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

QIAN WILLIAMS,                                    Case No. 1:22-cv-1
    Plaintiff,                                     Dlott, J.
                                                 Litkovitz, M.J.

vs.

CHRIS MINIARD, *et al.*,                          **ORDER**
    Defendants.

This matter is before the Court on plaintiff's motion to reconsider its orders denying plaintiff's motions to compel discovery (Doc. 13) and defendants' response thereto (Doc. 15). Plaintiff has also filed a motion to expand the record (Doc. 16), to which defendants have not responded.

**I. Motion to reconsider**

The Court issued two orders denying plaintiff's motions to compel discovery because plaintiff failed to confer in good faith with defendants' counsel or certify that he had so conferred pursuant to the federal and local rules of civil procedure. (*See* Docs. 11, 12). *See also* Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1. Plaintiff's motion to reconsider references his letter to defendants' counsel dated "February 17, 2022" seeking discovery, which is attached to plaintiff's motion. (Doc. 13 at PAGEID 64). Plaintiff's motion also contains his statement made under penalty of perjury that he "attempted to communicate to defendants['] counsel [] via mail on several attempts." (*Id.* at PAGEID 63).

In response, defendants argue that they did not receive any type of discovery from plaintiff until April 19, 2022, when they received a letter dated "2-17-2022[.]" (*See* Doc. 15-5; *see also* Doc. 15-4 (affidavit of defendants' co-counsel Angelica M. Jarmusz)). The letter attached to defendants' response is not identical to the letter attached to plaintiff's motion,

though there is some overlap in the information requested. (*Compare* Doc. 13 at PAGEID 64 *with* Doc. 15-5). Defendants attach their counsel's affidavit, in which she avers that the "2-17-2022" letter "is the only letter the firm has received from [plaintiff] requesting documents or information." (Doc. 15-4 at PAGEID 90). Defendants also attach the affidavits of two employees of their counsel's law firm. The first states that defendants attempted to respond to plaintiff's "2-17-2022" letter with related production on May 19, 2022 (Doc. 15-1). The second explains that this response was returned as "not deliverable[,]" which caused the re-sending of defendants' response to plaintiff on June 13, 2022 with the addition of plaintiff's Bureau of Prisons number. (Doc. 15-2).

The above demonstrates that defendants endeavored in good faith to respond to plaintiff's February 2022 letter. Moreover, on June 21, 2021, plaintiff filed a notice of discovery (Doc. 14), which contains plaintiff's first set of interrogatories, request for production of documents, and request for admissions (i.e., the methods contemplated by Rules 33, 34, and 36 of the Federal Rules of Civil Procedure) with a certificate of service dated June 8, 2022. Plaintiff does not allege any failure by defendants to respond to this discovery.

Given the parties' differing versions of the February 2022 letter, the Court declines to reconsider its decisions denying plaintiff's motions to compel. In general, "[m]otions for reconsideration are extraordinary in nature and, because they run contrary to notions of finality, should be discouraged." *Reynolds & Reynolds Co. v. Superior Integrated Sols., Inc.*, No. 1:12-cv-848, 2014 WL 537077, at *1 (S.D. Ohio Feb. 10, 2014) (quoting *Blair v. Bd. of Trs. of Sugarcreek Twp.*, No. 3:07-cv-56, 2008 WL 4372665 at *4 (S.D. Ohio Sept.22, 2008). The facts presented here do not warrant reconsideration of the Court's prior orders (Docs. 11, 12). The Court reminds plaintiff that he must comply with the federal and local rules of civil procedure

before filing any future motions relating to discovery. *See* Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1.

**II. Motion to expand the record**

The substance of this motion is plaintiff's affidavit, executed under penalty of perjury, regarding the events at issue in his lawsuit. As best the Court can tell, plaintiff files this motion pursuant to Rule 7(a) of the Rules governing Section 2254 Cases and Section 2255 Proceedings for the United States District Courts.[1] Because plaintiff's lawsuit does not arise under federal habeas corpus statutes, this motion is denied as moot.

**IT IS SO ORDERED.**

Date: 7/12/2022

Karen L. Litkovitz
United States Magistrate Judge

---

[1] These Rules state: "**(a) In General.** If the [petition/motion] is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the [petition/motion]. The judge may require that these materials be authenticated." *Id.*