# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| QIAN WILLIAMS,<br>    Plaintiff, | Case No. 1:22-cv-1<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| CHRIS MINIARD, *et al.*,<br>    Defendants. | **ORDER AND REPORT AND<br>RECOMMENDATION** |

On October 21, 2021, incarcerated plaintiff Qian Williams initiated a civil rights action in the Butler County, Ohio Court of Common Pleas.  (*See* Doc. 1-1).  Plaintiff sued Butler County, Ohio Sheriff Richard K. Jones and deputy sheriff Chris Miniard for state and federal law violations based on tight handcuffing while plaintiff was a federal pretrial detainee on September 13, 2019.  (*See id.*; Doc. 3).  On January 3, 2022, defendants removed the action to this Court. (Doc. 1).  This matter is before the Court on numerous motions:

- Defendants' motion to strike reply in support of plaintiff's first motion for leave to depose (Doc. 36).

- Plaintiff's second motion for leave to depose (Doc. 37) and defendants' response (Doc. 41).

- Plaintiff's motion for additional discovery pursuant to Fed. R. Civ. P. 56(d) (Doc. 39), defendants' response (Doc. 45), and plaintiff's reply (Doc. 54).

- Plaintiff's motions to amend complaint (Docs. 42 and 47), defendants' response (Doc. 52), and plaintiff's reply (Doc. 58).

- Plaintiff's motion to amend his motion for summary judgment (Doc. 44), defendants' response (Doc. 51), and plaintiff's reply (Doc. 58).

- Defendants' motion to strike plaintiff's reply and statement of proposed undisputed facts in support of his motion for summary judgment (Doc. 50).

- Plaintiff's "Motion to Suppres[s] deposition or Amend Statement" (Doc. 53) and defendants' response (Doc. 57); plaintiff's motions  to "Suppres[s] deposition or Amend Statement" (Doc. 60) and "Suppress Deposition on August 30, 2022" (Doc. 61) and defendants' response (Doc. 63).

- Plaintiff's second motion for additional discovery pursuant to Fed. R. Civ. P. 56(d) (Doc. 55)[1] and defendants' response (Doc. 56).

- Plaintiff's "Motion to grant Amendments Reply to Defendants['] opposition" (Doc. 59) and defendants' response (Doc. 62).

## I. Discovery Issues (Docs. 36, 37)

On August 26, 2022, the Court issued an Order extending the discovery deadline from August 30, 2022 to September 15, 2022 but retaining a dispositive motion deadline of September 30, 2022.  (Doc. 26).  On September 14, 2022, the Court issued an Order denying plaintiff's motion for leave to depose defendants and further extend case deadlines.  (Doc. 30).  Notwithstanding that Order, plaintiff filed a reply to his motion for leave to depose defendants, in which he alleged that defendants evaded fully responding to his June 21, 2022 interrogatory no. 11.[2]  (Doc. 35).  Defendants moved to strike plaintiff's reply (Doc. 35) as moot; argued that their discovery responses were appropriate; and contended there was no good cause for an extension.  (Doc. 36).

Plaintiff then renewed his motion—this time seeking leave to depose defendants, thirteen detainees/inmates, and an unspecified number of officers—arguing that he had not been provided with a useable list of detainee/inmate names responsive to his interrogatory until October 4, 2022.  (Doc. 37).  Attached to plaintiff's renewed motion is a handwritten letter dated August 16, 2022 from plaintiff to defendants' counsel, in which plaintiff requests the first names and contact information for the detainees/inmates provided and only the officers present at the time of the use of force at issue.  (Doc. 37 at PAGEID 428-29).  Defendants opposed this renewed motion,

---

[1] This motion is identical to plaintiff's first such motion, except that the supporting declaration includes several additional paragraphs.  (*Compare* Doc. 39 at PAGEID 442-43 *with* Doc. 55 at PAGEID 634-37).

[2] This interrogatory reads: "State the names of all the detainees and inmates in the booking area on September 13, 2019 and your co-workers full names and address[es]."  (*See* Doc. 14 at PAGEID 73).

incorporating arguments made in their opposition to plaintiff's original motion for leave to depose (Doc. 29) and motion to strike (Doc. 36).  (Doc. 41).  Defendants argue that they did not receive the letter attached to plaintiff's renewed motion,[3] which they construed as a supplemental interrogatory, until September 27, 2022 and promptly responded on October 3, 2022.  (*Id.*).

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent."  A movant shows "good cause" by showing that he could not reasonably meet the deadline despite his diligence.  Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment.  The Court must consider both the "good cause" requirement and any potential prejudice to the nonmovant.  *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) ("[I]n addition to Rule 16's explicit 'good cause' requirement, we hold that a determination of the potential prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order.").

In addition, the Court has already noted that under Rule 30(b)(3), a party noticing a deposition "*must* state in the notice *the method for recording the testimony. . . . The noticing party bears the recording costs*."  (Doc. 30 at PAGEID 159 (emphasis added), quoting Fed. R. Civ. P. 30(b)(3)).  A party's request to take more than ten depositions under Rule 30(a)(2)(A)(i) expressly incorporates Rule 26(b)(1), which limits discovery to that which is:

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.*

---

[3] Defendants also argue that they only received the first page of this letter.  (*See* Doc. 41 at PAGEID 464 n.1).

In view of the above, the Court **GRANTS** defendants' motion to strike plaintiff's reply (Doc. 36). Plaintiff's reply was filed after the Court issued its Order denying plaintiff's related motion (Doc. 30), and plaintiff has since filed a renewed motion for leave to depose (Doc. 37).

Plaintiff's renewed motion for leave to depose (Doc. 37) is also denied. Defendants initially responded to plaintiff's interrogatory no. 11 on July 13, 2022. (*See* Doc. 29 at PAGEID 155). Based on the Court's review of that interrogatory, defendants responded satisfactorily. (*Compare* Doc. 14 at PAGEID 73 ("State the names of all the detainees and inmates in the booking area on September 13, 2019 and your co-workers full names and address[es].") *with* Doc. 29 at PAGEID 155-56 (defendants' response)). Plaintiff did not raise any issue regarding defendants' response until, at the earliest, over a month later and only two weeks prior to the then-existing discovery deadline of August 30, 2022 (*see* Doc. 18). (*See* Doc. 37 at PAGEID 428-29).[4] Moreover, plaintiff offers no good cause for not at least pursuing the depositions of defendants within the applicable discovery deadline. At the time of plaintiff's renewed motion for leave to depose, defendants had already responded to *plaintiff's* motion for summary judgment (Doc. 23) and filed their own such motion (Doc. 33). The additional and extensive discovery plaintiff now requests would likely necessitate another round of such filings. Plaintiff again fails to explain how he will record—and fund the recording—of the desired testimony. *See* Fed. R. Civ. P. 30(b)(3). Finally, given that there is a videorecording of the use of force at issue, the Court finds that plaintiff's request to depose dozens of potential witnesses fails to satisfy the mandatory Rule 26(b) proportionality considerations, which plaintiff wholly fails to address. Therefore, plaintiff's renewed motion for leave to depose is **DENIED**.

---

[4] Defendants represent that they did not receive this correspondence (dated August 16, 2022 by plaintiff) until over a month later—on September 27, 2022. (Doc. 41 at PAGEID 464 n.1).

**II.  Motions to Amend (Docs. 42, 44, 47, and 59)**

On October 11, 2022, eleven days after the dispositive motion deadline, plaintiff first moved to amend his complaint to (1) add Deputy Joseph Crawford as a defendant who violated his Fourth, Fifth, and Eighth Amendment rights; (2) add Fourth and Fifth Amendment violations by defendant Miniard; and (3) add a claim that defendant Jones failed to supervise Deputy Crawford.  (*See* Doc. 42).  On the same day, plaintiff moved to amend his motion for summary judgment.[5]  (Doc. 44).  In some respects, this filing reads like a response to *defendants'* motion for summary judgment—alleging, for example, that various documents submitted by defendants to support their exhaustion affirmative defense are forgeries.  (*See* Doc. 44 at PAGEID 480-81).  In other respects, this filing reads like an amended complaint—stating, for example:

> Deputy Miniard, Deputy Crawford, Sheriff Jones, unknown on duty supervisors, Melina Lay, Bill Roark, Mike Burkett, Teresa Rumpler, Jeff Smith, Vee Hurts, Brandon Benjamin, Joel Thurkill, and Robert Hoffman[] [a]re not shielded by 1983 liability of the protections of qualified immunity, but more importantly each defendant is being sued in their individual capacity.

(Doc. 44 at PAGEID 481-82).  Plaintiff goes on to explain that these individuals violated his Fourth and Fifth Amendment rights for "failure to intervene" and "deliberate indifference[,]" and that their actions were outside the scopes of their employment.  (*Id.* at PAGEID 482).  Plaintiff further states that defendant Jones failed to properly train his deputies.  (*See id.* at PAGEID 484).

Approximately one week after these filings, plaintiff moved to amend his complaint again—this time to add claims that officers Sabrina Johnson, Dan Allen, Aaron Smith, Jason Schultz, Hannah McCarthy, Aaron Washburn, Garrett Rice, and Cody Brown failed to intervene and protect him from violations of his Fourth, Eighth and Fourteenth Amendment rights.  (*See* Doc. 47).

---

[5] This filing contains two certificates of service.  (*See* Doc. 44 at PAGEID 498 and 510).  The latter is dated October 11, 2022 and refers to the "Motion to Amend Motion for Summary Judgment."  (*Id.* at PAGEID 510).

In response to plaintiff's motions to amend the complaint (Docs. 42 and 47), defendants argue that plaintiff's motions are "untimely, unduly prejudicial . . . , futile[,]" and unaccompanied by proposed amended complaints.  (Doc. 52 at PAGEID 608).[6]  Defendants argue that each of the proposed defendants was known to plaintiff as of July 13, 2022 (*see* Doc. 29 at PAGEID 155-56), but plaintiff did nothing with this information for three months—during which *both* parties filed dispositive motions, and the deadline for such motions passed.  Finally, defendants argue that the amendments are futile due to the applicable statute of limitations and the doctrine of qualified immunity.

In response to plaintiff's motion to amend his motion for summary judgment (Doc. 44), defendants argue that the motion is not permitted by any authority and, in any event, was filed outside the dispositive motion deadline without leave of Court.  Defendants also argue that motions for summary judgment are not an appropriate vehicle for the amendment of a complaint. Defendants argue that the claims against new defendants are barred by the applicable two-year statute of limitations and are "unduly delayed, futile, and prejudicial to Defendants."  (Doc. 51 at PAGEID 603).  Defendants also argue that, even to the extent that plaintiff's motion to amend his motion for summary judgment deals only with existing claims and defendants, it should be denied because plaintiff's motion does not satisfy the Rule 56(c) standard.

In a combined reply in support of all three motions, plaintiff states that he sought to amend his complaint as soon as he reviewed the videorecording of the use of force at issue and "the first and last names and addresses of inmates and the actual officer[s] that were assigned to the booking area from first shift and second shift. . . ."  (Doc. 58 at PAGEID 653).  Plaintiff argues that defendants previously and unlawfully withheld this information, supplying the good

---

[6] Defendant also argues that these motions contain inappropriate requests for depositions and summary judgment. Plaintiff already sought this relief in other pending motions.  (*See* Docs. 21, 37).

cause necessary to support his proposed amendments, and that those amendments relate back to the date of his initial complaint. Plaintiff also argues that defendants forged documents related to the exhaustion of remedies, warranting relief in his favor. Finally, plaintiff argues that qualified immunity does not shield the proposed additional defendants.

Under Rule 15(a), the Court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). At the same time, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *Church Joint Venture, L.P. v. Blasingame*, 947 F.3d 925, 934 (6th Cir. 2020) (quoting *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 641 (6th Cir. 2018)). "[W]here the underlying facts would support a claim leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). Allowing amendment after the close of discovery creates significant prejudice. *Id.* (citing *Moore v. City of Paducah*, 790 F.2d 557, 560 (6th Cir. 1986)). *See also Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) ("When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier.").

Implicit in plaintiff's requests to amend his complaint is a request to amend the Court's Calendar Order—as case deadlines had expired as of the filing of these motions. "Once the scheduling order's deadline passes, a plaintiff *first must show good cause under Rule 16(b)* for failure earlier to seek leave to amend *before* a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909 (emphasis added).

As to the substance of the proposed amendments, the Sixth Circuit "has repeatedly held that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *Zakora v. Chrisman*, 44 F.4th 452, 480 (6th Cir. 2022) (quoting *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010)). The Sixth Circuit has held that claims brought pursuant to § 1983 are governed by the two-year statute of limitations found in Ohio Revised Code § 2305.10. *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 939 (6th Cir. 1999).

Based on the foregoing, the Court finds that plaintiff's motions to amend his complaint (Docs. 42, 44 (to the extent construed as such), and 47) should be denied. As a general matter, plaintiff failed to attach proposed amended complaints specifying the desired amendments, leaving the Court to decipher plaintiff's full intent. *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("Normally, a party seeking an amendment should attach a copy of the amended complaint.") (finding no abuse in discretion in denying leave to amend where the plaintiffs "did not present an adequate motion and because they did not attach a copy of their amended complaint"). Next, plaintiff offers no good cause at all for the delay in asserting new claims against the existing defendants. As to the proposed new defendants, plaintiff knew their identities as of July 13, 2022, yet waited approximately three months (and after the dispositive motion deadline had expired) to request amendment of his complaint. Delays in plaintiff's receipt of the full names or addresses of potential witnesses or his opportunity to view the Butler County Jail video do not demonstrate good cause for failing to timely propose the amendments at issue. Absent good cause—a threshold matter to Rule 15 consideration—plaintiff's motions to amend should be denied. *See Leary*, 349 F.3d at 909.

In addition, to the extent that plaintiff seeks to add deputies Joseph Crawford, Sabrina Johnson, Dan Allen, Aaron Smith, Jason Schultz, Hannah McCarthy, Aaron Washburn, Garrett Rice, and Cody Brown and supervising officers Melina Lay, Bill Roark, Mike Burkett, Teresa Rumpler, Jeff Smith, Vee Hurts, Brandon Benjamin, Joel Thurkill, and Robert Hoffman as defendants, the amendments are barred by the applicable statute of limitations and do not relate back under Rule 15(c)(1)(B). *See Tolbert*, 172 F.3d at 937, 939; *Zakora*, 44 F.4th at 480. For these reasons, plaintiff's motions to amend (Docs. 42 and 47) should be denied.

Plaintiff's motion to amend his motion for summary judgment (Doc. 44) is **DENIED** because it was filed outside the dispositive motion deadline without leave of Court and is an improper vehicle for securing amendments to a complaint. *Davis v. Echo Valley Condo. Ass'n*, 945 F.3d 483, 496 (6th Cir. 2019) ("Parties who seek to raise new claims at the summary-judgment stage must first move to amend their pleadings under Federal Rule of Civil Procedure 15(a) before asserting the claims in summary-judgment briefing.").

To the extent that plaintiff's "Motion to grant Amendments Reply to Defendants opposition" (Doc. 59) seeks a ruling on the foregoing motions, it is **DENIED as MOOT**.

## III. Motions Relating to Cross-Motions for Summary Judgment (Docs. 39, 50, 53, 55, 60 and 61)

The parties' cross motions for summary judgment are pending before the Court. (Docs. 21, 33). Plaintiff has moved the Court to allow additional time to obtain affidavits, declarations, or other discovery he believes essential to his opposition under Fed. R. Civ. P. 56(d)(2). (Docs. 39, 55). Defendants have moved to strike document 40 (plaintiff's "Memorandum of Law and Brief in Support of Summary Judgment") and document 43 (plaintiff's "Statement of Proposed Undisputed Facts"). (Doc. 50). Finally, plaintiff has filed several motions related to his

9

deposition—all concerning plaintiff's desire to conform portions of his deposition testimony to what the videorecording of the September 13, 2019 incident reflects.  (Docs. 53, 60, and 61).

A.  Rule 56(d) motions (Docs. 39, 55)

Rule 56(d)[7] governs the procedures to be followed when a party alleges that additional discovery is necessary to respond to a motion for summary judgment:

> The affidavit or declaration required by the rule must "indicate to the district court [the party's] need for discovery, what material facts [the party] hopes to uncover, and why [the party] has not previously discovered the information."  *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) (citing *Radich v. Goode*, 866 F.2d 1391, 1393-94 (3d Cir. 1989)).  A motion under Rule 56(d) may be properly denied where the requesting party "'makes only general and conclusory statements [in the supporting affidavit or declaration] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [document] to be discovered,'" *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004) (quoting *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999)), or where the affidavit or declaration "lacks 'any details' or 'specificity.'"  *Id.* (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989)).  The importance of complying with Rule 56(d) cannot be over-emphasized.  *See Cacevic*, 226 F.3d at 488. Finally, whether or not to grant a request for additional discovery falls within the trial court's discretion.  *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir. 2009).

*Bloodworth v. Timmerman-Cooper*, No. 2:10-cv-1121, 2013 WL 950931, at *1 (S.D. Ohio Mar. 12, 2013).

---

[7] Rule 56(d) provides:

> WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> >
> > (2) allow time to obtain affidavits or declarations or to take discovery; or
> >
> > (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Plaintiff's Rule 56(d) motions (Docs. 39, 55) are **DENIED**.  Plaintiff's declaration submitted in support of his Rule 56(d) motions fails to specify the material facts plaintiff hopes to discover, the need for such discovery, and the reasons why such information has not previously been discovered.  Paragraphs 1-8 of plaintiff's declaration simply restates his factual account of the September 13, 2019 incident.  (*See* Doc. 55 at PAGEID 634-35).  Paragraphs 9-12 restate plaintiff's allegations, made elsewhere, that defendants' response to plaintiff's interrogatory no. 11 was "vague and ambiguous" and evasive.  (*Id.* at PAGEID 635).  Paragraphs 14, 16-22, and 24 state that plaintiff needs testimony from the inmates and officers present during the use of force at issue because they "would testify that Crawford and Miniard[']s actions towards plaintiff [were] improper" and otherwise generally corroborate his factual account.  (*Id.* at PAGEID 636-37).[8]  These conclusory statements do not persuade the Court either that this discovery is needed or that an extension of time would be fruitful, given the presence of a videorecording of the use of force at issue and the Court's unaddressed concerns raised in Part I regarding plaintiff's ability to cover the cost of this unspecified amount of discovery.  Finally, in ¶ 15, plaintiff states that he needs to obtain a handwriting expert related to his exhaustion efforts.  (*Id.* at PAGEID 636).  For the reasons explained in the forthcoming Report and Recommendation regarding summary judgment, however, such discovery would not change the Court's ruling on exhaustion, and plaintiff offers no information regarding his ability to compensate such an expert.  *Cf. Dykes v. Marshall*, No. 1:14-cv-1167, 2016 WL 11644971, at *1 (W.D. Mich. Nov. 1, 2016), *aff'd*, 2016 WL 11644972 (W.D. Mich. Dec. 13, 2016) (A pro se

---

[8] Plaintiff also states that the witnesses would testify that deputy Crawford and defendant Miniard "disregarded [his] request for the bigger bear claw" (*id.*, PAGEID 637 at ¶ 24), but defendants do not dispute this fact.  (*See* Doc. 33 at PAGEID 285).  Plaintiff also states that he "would need to obtain [an] affidavit from the Frosenic [sic] at Butler County Jail from the September 18, 2019 interview."  (Doc. 55, PAGEID 637 at ¶ 23).  Plaintiff makes no attempt to explain the need for this discovery.

litigant proceeding *in forma pauperis* remains "responsible for paying his own litigation expenses."). For these reasons, plaintiff's Rule 56(d) motions (Docs. 39, 55) are denied.

B. Motions to suppress or amend deposition statement (Doc. 53, 60, and 61)

Liberally construed, these three separate motions generally convey plaintiff's request to clarify that, contrary to his mistaken deposition testimony, his *right* ankle was shackled first *by deputy Crawford* before defendant Miniard shackled his left ankle. Plaintiff argues that he only had an opportunity to review the video of the September 13, 2019 incident and refresh his recollection thereof *after* giving his deposition testimony. Defendants argue in response that this relief is not contemplated by Rule 30(e), the Sixth Circuit prohibits the creation of a factual issue through the filing of an affidavit or similar document that contradicts prior testimony, and plaintiff's deposition testimony should nevertheless be admissible as a party-opponent statement under Rule 801(d)(2) of the Federal Rules of Evidence. (*See* Docs. 57, 63).

To the extent that plaintiff seeks relief pursuant to Rule 30(e), his motions are denied. Rule 30(e) governs changes to deposition testimony by a witness and provides:

Review by the Witness; Changes.

(1) *Review; Statement of Changes.* On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e). The Sixth Circuit has interpreted Rule 30(e) restrictively to "permit only the correction of typographic and transcription errors" but not substantive changes. *Tchankpa v. Ascena Retail Grp., Inc.*, No. 2:16-cv-895, 2018 WL 1472527, at *2 (S.D. Ohio Mar. 26, 2018) (explaining that a majority of judges within the Sixth Circuit follow this interpretation consistent

12

with *Trout v. FirstEnergy Corp.*, 339 F. App'x 560, 565 (6th Cir. 2009)); *Hall v. U.S. Cargo & Courier Serv., LLC*, No. 2:16-cv-330, 2019 WL 2524424, at *2 (S.D. Ohio June 18, 2019) (same).  In view of the above, Rule 30(e) does not permit plaintiff to make substantive changes to his deposition testimony.

To the extent, however, that plaintiff seeks to submit a post-deposition statement at the summary judgment stage that is inconsistent with prior testimony, limited relief is appropriate. One of plaintiff's motions is made under penalty of perjury (Doc. 60 at PAGEID 674) and includes a narrative description of the September 13, 2019 incident at issue following his viewing of the videorecording (*id.* at PAGEID 668-69).[9]  When there is a direct contradiction contained in a post-deposition affidavit, the Sixth Circuit has directed courts to consider whether there is a "persuasive justification. . . ."  *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908 (6th Cir. 2006).  If there is not a direct contradiction, the court is to consider, *inter alia*, "whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion [that] the affidavit attempts to explain."  *Id.* at 909 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986)).

Plaintiff has made inconsistent statements regarding when he actually viewed the videorecording of the use of force.  (*See* January 10, 2022 letter to the Clerk, Doc. 8 at PAGEID 43 ("Here's the link to the video of the assault on September 13, 2019"); Doc. 60 ("Plaintiff reviewed the video for the first time on October 28, 2022"); Doc. 61 at PAGEID 684 ("As of September 28, 2022 plaintiff was able to view the video surveillance from the September 13,

---

[9] In this motion, plaintiff also requests the substitution of particular language in his deposition pursuant to Rule 30(e).  (*Id.* at PAGEID 670-72).  This relief is denied for the reasons explained above.

2019 event")). Nevertheless, it does not appear that plaintiff had the opportunity to refresh his recollection of the use of force event by viewing the videorecording at or around the time of his deposition. Plaintiff also states that the federal prison where he is located misplaced the copy of the video that defendants produced to him. (Doc. 54 at PAGEID 624).

The Court concludes that consideration of the factors discussed in *Aerel, S.R.L.* do not warrant the striking of plaintiff's post-deposition declaration (Doc. 60 at PAGEID 668-69). The use of force at issue occurred nearly three years prior to plaintiff's deposition, and plaintiff asserts that he was unable to access his copy of the videorecording at his prison—a persuasive justification to the extent that his post-deposition declaration directly contradicts his deposition testimony. To the extent that the contradiction is considered indirect, the Court finds that plaintiff's deposition testimony reflects confusion over which leg was restrained first and by whom. Moreover, the Court finds that plaintiff's overall description of the use of force in his deposition is not "blatantly contradicted" by the videorecording. *Cf. Scott v. Harris*, 550 U.S. 372, 380 (2007). Plaintiff's motions regarding his deposition testimony (Docs. 53, 60, and 61) are therefore **DENIED in PART and GRANTED in PART as explained herein**.

C. <u>Defendants' motion to strike documents 40 and 43 (Doc. 50)</u>

Plaintiff styled the filings at issue here his "Memorandum of Law and Brief in support of summary judgment" (Doc. 40) and "Statement of Proposed Undisputed Facts" (Doc. 43). Document number 40 is nearly identical to plaintiff's motion for summary judgment (Doc. 21), except that it adds several sentences, a notice to defendants, an updated certificate of service, and a copy of his handwritten October 4, 2022 letter to defendants' counsel.[10] After review of the

---

[10] The added sentences are the following:

- "Plaintiff was in restraint at the time Miniard yanked his right ankle causing him to fall on the floor." (Doc. 40 at PAGEID 451).

docket, this filing is best understood as a reply in support of plaintiff's motion for summary judgment—given its substance and the fact that no other document purporting to be a reply appears on the docket. The filing's certificate of service, however, indicates that it was filed 44 days after defendants' response in opposition and without leave of Court. (*See* Doc. 40 at PAGEID 460). *See also* S.D. Ohio Civ. R. 7.2(a)(2) ("Any reply memorandum shall be filed within fourteen days after the date of service of the memorandum in opposition."). Similarly, plaintiff's "Statement of Proposed Undisputed Facts" was filed approximately 78 days from the certificate of service included with his motion for summary judgment and without leave of Court.[11] *See* District Judge Dlott's Standing Order on Civil Procedures, I.E.2.a. ("Counsel *must attach to the initial brief in support of a motion for summary judgment* a document entitled 'Proposed Undisputed Facts'. . . .") (emphasis added). More importantly, however, plaintiff's "Statement of Proposed Undisputed Facts" is a recitation—unsworn and not made under penalty of perjury—of plaintiff's factual account of the September 13, 2019 incident. *See id.* ("Each Proposed Undisputed Fact *must be supported by a specific citation or citations*" to evidence that would be admissible at trial.) (emphasis added). Defendants' motion (Doc. 50) is accordingly **GRANTED**, and both filings (Docs. 40 and 43) are **STRICKEN**, as they do not comply with the local rules and Standing Order of this Court. *See Jones v. Ahmed*, No. 1:14-cv-964, 2019 WL 1433853, at *1 (S.D. Ohio Mar. 31, 2019) (finding that the undersigned did not err in granting a motion to strike a filing that did not comply with S.D. Ohio Civ. R. 7.2(a)(2)), *aff'd*, No. 19-

- "Plaintiff was a pretrial detainee at the time of the assault." (*Id.*).
- "Crawford, Sheriff Richard K. Jones stood by and failed to intervene. Miniard['] s actions and Supervisory." (*Id.* at PAGEID 452).
- "[Plaintiff] now suffers PTSD and emotional distress from the excessive force[, which] cause[d] continu[ing] pain in right ankle." (*Id.* at PAGEID 455).
- "Plaintiff asking for bear claws did not cause or justify Miniard yanking and appl[y]ing the shackles on too tight on his right ankle." (*Id.* at PAGEID 456).

[11] This filing does not contain a certificate of service but is post-marked October 11, 2022. (*See* Doc. 43 at PAGEID 479).

15

3393, 2020 WL 2062280 (6th Cir. Feb. 10, 2020); *Scully v. Hamilton Cnty. Developmental Disabilities Servs.*, No. 1:17-cv-685, 2021 WL 3634700, at *4 (S.D. Ohio Aug. 17, 2021) (granting a motion to strike a summary judgment filing that did not comply with the Court's standing order).

## IT IS THEREFORE ORDERED THAT:

1. Defendants' motion to strike (Doc. 36) is **GRANTED**;

2. Plaintiff's renewed motion for leave to depose defendants (Doc. 37) is **DENIED**;

3. Plaintiff's motion to amend motion for summary judgment (Doc. 44) is **DENIED**;

4. Plaintiff's motions for additional discovery under Rule 56(d) (Docs. 39, 55) are **DENIED**;

5. Defendants' motion to strike (Doc. 50) is **GRANTED**;

6. Plaintiff's motions regarding his deposition (Docs. 53, 60, and 61) are **DENIED in PART** and **GRANTED in PART as explained herein**; and

7. Plaintiff's motion to grant amendments (Doc. 59) is **DENIED as MOOT**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motions to amend complaint (Docs. 42 and 47) be **DENIED**.

Date: 1/10/2023

Karen L. Litkovitz
United States Magistrate Judge

16

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

QIAN WILLIAMS,                                           Case No. 1:22-cv-1
      Plaintiff,                                          Dlott, J.
                                                      Litkovitz, M.J.

      vs.

CHRIS MINIARD, *et al.*,
      Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.  This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

17