UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| QIAN WILLIAMS,<br>    Plaintiff, | Case No. 1:22-cv-1<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| CHRIS MINIARD, *et al.*,<br>    Defendants. | **ORDER** |

On October 21, 2021, incarcerated plaintiff Qian Williams initiated a civil rights action in the Butler County, Ohio Court of Common Pleas. (*See* Doc. 1-1). Plaintiff sued Butler County, Ohio Sheriff Richard K. Jones and deputy sheriff Chris Miniard for state and federal law violations based on tight handcuffing while plaintiff was a federal pretrial detainee on September 13, 2019. (*See id.*; Doc. 3). On January 3, 2022, defendants removed the action to this Court. (Doc. 1).

The undersigned issued an Order and Report and Recommendation that, *inter alia*, denied plaintiff's renewed motion for leave to depose defendants (Doc. 37) and recommended denial of plaintiff's motions to amend his complaint (Docs. 42 and 47). (*See* Doc. 65).[1] District Judge Dlott denied plaintiff's request to extend the deadline to object to the Report and Recommendation. Following a *de novo* review, Judge Dlott adopted the Report and Recommendation. (*See* Doc. 70 and Doc. 71 at PAGEID 759). The undersigned's Report and Recommendation on the parties' cross-motions for summary judgment (Doc. 72) is pending before District Judge Dlott.

Now before the Court are plaintiff's motions for sanctions (Docs. 64 and 75), defendants' responses thereto (Docs. 67, 77), and plaintiff's reply in support of his first such motion (Doc.

---

[1] This Order and Report and Recommendation appears twice on the docket to capture the separate filing events. (*See* Docs. 65 and 66).

76).[2] Plaintiff also seeks an *ex parte* evidentiary hearing at defendants' expense, which defendants oppose. (*See* Docs. 75, 76, 77). Finally, plaintiff filed a "Motion for Appointment of Expert Witness" (Doc. 69), to which defendants filed a response (Doc. 74), but plaintiff did not file a reply.

I. **Positions of the parties**

In plaintiff's first motion for sanctions, he references both Rule 11(c)(2) and 37(b)(2) of the Federal Rules of Civil Procedure. (Doc. 64 at PAGEID 705). Plaintiff alleges:

> [D]efendants knowingly submit[ted] fraudulent documents to this honorable Court. . . . Defendants presented a declaration of Nicholas Fisher in which in paragraph 6 [he] lied to the Court and committed perjury and forged plaintiff's signature on his initial inmate grievance and wrote the wrong date on it. Defendants destroyed plaintiff's appeals and then claim a defense that plaintiff has not exhausted administrative remedies [] which is prejudice against plaintiff. Defendants also delayed in providing discovery until after the deadline [which] was intentional [and] in bad faith.

(Doc. 64 at PAGEID 707). As relief, plaintiff seeks entry of "a default judgment and dismiss[al of] defendants['] summary judgment, failure to preserve appeals to Warden." (*Id.* at PAGEID 708). Plaintiff's second motion for sanctions focuses on Rule 11 and the alleged forgeries and destruction of evidence by defendants relative to the grievance process. Plaintiff seeks an evidentiary hearing with a handwriting expert to be provided at defendants' expense. (*See* Doc. 75 at PAGEID 806-07).

Defendants argue in their response to plaintiff's first motion for sanctions that Rule 11, by its terms, does not apply to discovery contemplated under Rules 26-37, and plaintiff did not

---

[2] It appears the Clerk of Court mistakenly docketed what plaintiff intended as an attachment to his reply as a separate Rule 11 motion for sanctions. (*See* Doc. 75). This "Motion for Sanctions pursuant to Fed. R. Civ. P. 11(c)(2)" contains a Certificate of Service stating that it was mailed to counsel for defendants "on this 18 day of November 2022." (*Id.* at PAGEID 807). In plaintiff's reply, he refers to an "attached Motion for Sanctions" sent to defendants on "Nov. 18, 2022." (Doc. 76 at PAGEID 810-11). Notwithstanding plaintiff's likely intent, because defendants responded to document number 75, the Court considers the merits of this filing in addition to plaintiff's first motion for sanctions (Doc. 64).

2

comply with a mandatory safe-harbor provision. See Fed. R. Civ. P. 11(c)(2) and (d). Defendants argue that plaintiff's forgery allegations are baseless because they do not assert that the grievance form at issue (Doc. 33-2 at PAGEID 362) includes plaintiff's signature, and the "Date of Request" section of the form refers to the date that the grievance form was processed as opposed to the date of the underlying incident. Finally, defendants argue that plaintiff's first motion for sanctions is frivolous because the Court has already considered and disposed of plaintiff's discovery-related arguments in its prior Order (*See* Doc. 65). In their response to plaintiff's second motion for sanctions, defendants incorporate arguments made in their first response, note that plaintiff's second motion is redundant, and point out that the Court already considered and denied plaintiff's request for a handwriting expert in its prior Order (*see* Doc. 65 at PAGEID 720). Defendants also argue that the undersigned's recommendation that defendants are not entitled to summary judgment on their exhaustion affirmative defense (*see* Doc. 72 at PAGEID 771-72) demonstrates that plaintiff will not suffer prejudice absent the holding of an *ex parte* hearing.

Plaintiff's reply largely reiterates arguments previously made but also states that he did comply with the safe-harbor provision of Rule 11(c) by presenting defendants with a motion for sanctions on November 18, 2022. (*See* Doc. 76 at PAGEID 810-11). *See supra* note 2.

In plaintiff's "Motion for Appointment of Expert Witness" (Doc. 69), he argues that the Court should take the extraordinary step of appointing a "forensic document examiner" at defendants' expense to determine whether the grievance form that defendants produced (Doc. 33-2 at PAGEID 362) is a forgery. Defendants respond that the Court has already considered and denied the relief requested.

II.     **Resolution**

Plaintiff's motions for sanctions, including the alternative request for an *ex parte* hearing, are denied. Plaintiff is not entitled to Rule 11 sanctions for defendants' allegedly deficient discovery responses because Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d). Sanctions under Rule 37 are likewise unwarranted. The Court has already considered and dismissed plaintiff's identical arguments that defendants were intentionally dilatory and evasive with respect to plaintiff's interrogatory no. 11. (*See* Doc. 66 at PAGEID 730 ("Based on the Court's review of [interrogatory no. 11], defendants responded satisfactorily.")). Plaintiff's motions are denied to the extent that they pertain to defendants' discovery responses.

Plaintiff's request for Rule 11 sanctions based on the alleged forgery and destruction of evidence related to the grievance procedure is also denied. Rule 11 "affords the district court the discretion to award sanctions when a party submits to the court pleadings, motions or papers that are presented for an improper purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510 (6th Cir. 2002) (citing Fed. R. Civ. P. 11(b)(1)-(3)). The test for whether Rule 11 sanctions are warranted is whether the conduct for which sanctions are sought was "reasonable under the circumstances." *Salkil v. Mount Sterling Twp. Police Dept.*, 458 F.3d 520, 528 (6th Cir. 2006) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)). A court may not rely on "the wisdom of hindsight" in determining whether the challenged conduct was reasonable under the circumstances; rather, the court must determine what was reasonable to believe at the time the pleading, motion, or other paper was submitted. *Merritt v. Int'l Ass'n of Machinists and*

4

*Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (quoting *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987)).

It is required, however, that a party seeking sanctions under Rule 11 must follow a two-step process: "first, serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days); and then file the motion with the court." *Ridder*, 109 F.3d at 294. This process, known as the "safe harbor" provision, is an "absolute requirement." *Id.* at 296.

The parties dispute whether plaintiff complied with the safe-harbor provision. Even assuming compliance with the safe-harbor provision, plaintiff's motion fails to demonstrate that Rule 11 sanctions are warranted based on defendants' submission of a grievance form dated September 27, 2019. (Doc. 33-2, Ex. 4 at PAGEID 362). Paragraph 6 of Warden Fisher's declaration to defendants' motion for summary judgment states that plaintiff submitted an inmate grievance form dated September 27, 2019. (*Id.*). The top portion of the grievance form lists the "Inmate Name" as "Qian Williams" and the "Date of Request" as "9-27-19." The body of the grievance contains plaintiff's allegations concerning defendant Miniard's alleged use of force on September 13, 2019 and appears to be in plaintiff's handwriting. The top portion of the grievance containing the Inmate Name and Date of Request appear to be in different handwriting. (*Id.*).

Plaintiff alleges that defendants committed perjury when they forged plaintiff's signature and wrote the incorrect date on his initial inmate grievance form. Defendants allege the top portion of the form contains plaintiff's printed name, but it does not contain plaintiff's signature. Defendants also allege that the grievance form's "Date of Request" section refers to the date that it was processed by the jail and not the date it was submitted by plaintiff.[3]

---

[3] Plaintiff does not dispute that the substance of the grievance, set forth in the "Description of Reasons" section, is genuine.

Assuming jail staff completed the top portion of the grievance form identifying the "Inmate Name" as "Qian Williams" and the date the jail processed the form, this does not warrant Rule 11 sanctions. This grievance form, as well as plaintiff's denial that he authored the name and date portions of the form, have already been considered by the Court in connection with defendants' motion for summary judgment. The undersigned determined that genuine issues of fact exist as to the timing and number of grievances and appeals filed by plaintiff and recommended that summary judgment for defendants be denied based on exhaustion of administrative remedies. (Doc. 72 at PAGEID 771-72). The Court declines plaintiff's invitation to recast defendants' presentation of a conflicting factual account of the grievance process as a Rule 11 violation.

Finally, plaintiff cites no authority from or within the Sixth Circuit that justifies the holding of an *ex parte* hearing under the circumstances at bar. (*See* Doc. 76 at PAGEID 812 (citing California federal district court cases)). Plaintiff relies on Rule 706 of the Federal Rules of Evidence to support the appointment of a handwriting expert. But the case plaintiff cites for the application of this Rule, *Tangwall v. Robb*, No. 01-10008, 2003 WL 23142190 (E.D. Mich. Dec. 23, 2003), underscores why the relief requested is not appropriate in this case. *Id.* at *3-4 (summarizing authority explaining the court's appointment of an expert is rare and reserved for compelling circumstances where the ordinary adversary process would not suffice). As explained above, a handwriting expert's testimony is irrelevant because defendants do not allege that plaintiff's signature is on the grievance form. Moreover, the Court has already concluded that plaintiff has failed to demonstrate how he would compensate a handwriting expert even if the testimony were relevant. (Doc. 65 at PAGEID 720).

For the foregoing reasons, plaintiff's motions for sanctions (Docs. 64, 75), requests for an *ex parte* evidentiary hearing (Docs. 75, 76), and motion for the appointment of an expert witness (Doc. 69) are **DENIED**.

**IT IS SO ORDERED**.

Date: 3/20/2023

Karen L. Litkovitz
United States Magistrate Judge