IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Qian Williams, | : | |
| | : | Case No. 1:22-cv-001 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order |
| Chris Miniard, *et al.*, | : | |
| | : | |
| Defendants. | : | |

In this case about the alleged use of excessive force against a federal pretrial detainee, pro se Plaintiff, Qian Williams, and Defendants, Butler County Sheriff Richard K. Jones and Deputy Chris Miniard, both moved for summary judgment. (Docs. 21, 33.) On February 9, 2023, Magistrate Judge Karen L. Litkovitz issued a Report and Recommendation ("Summary Judgment R&R") in which she recommended (a) denying summary judgment to Williams and (b) granting in part and denying in part summary judgment to Defendants. (Doc. 72.)

Defendants timely filed Objections to the Summary Judgment R&R. (Doc. 79.) Plaintiff Williams filed a variety of motions, some addressing the Summary Judgment R&R and others addressing matters previously adjudicated by the Court:

- Supplemental Motion to Reconsider Motion to Amend Complaint (Doc. 80);

- Motion for Reconsideration (Doc. 82);

- Motion for Extension to File Written Objections (Doc. 85), which the Court interprets to be a first set of objections to the Summary Judgment R&R;

- [Second] Motion for Extension to File Written Objections (Doc. 87), which the Court interprets to be a second set of objections to the Summary Judgment R&R;

- Motion to Reconsider Plaintiff's Motion to Amend Motion for Summary Judgment (Doc. 88);

- Motion to Strike Defendants' Opposition to Plaintiff's Objections to Magistrate Judge

Report and Recommendations (Doc. 96);

- Motion to Reconsider Motion Amending the Complaint (Doc. 98); and

- Motion to Amend Complaint and Summary Judgment (Doc. 100).

## I.    BACKGROUND

### A.    Key Facts

The Magistrate Judge set forth a complete statement of the underlying facts in the

Summary Judgment R&R, which the Court only will summarize here.  In September 2019,

Williams was a federal pretrial detainee who was being held at the Butler County, Ohio Jail

pending resolution of his federal criminal charges.  He had a history of prior injury to his right

ankle, resulting in a surgery in which pins and a rod were inserted into his ankle, which was

documented in the jail records.  (Doc. 33-2 at PageID 361.)  Butler County deputies transported

Williams to the federal courthouse in Cincinnati, Ohio each day of his federal criminal trial.  On

September 13, 2019, non-party Deputy Joseph Crawford began the process of preparing

Williams for transportation, which included placing him in restraints, in the jail's booking area.

Defendants have produced a video recording—without audio—of the relevant events in

the booking area.  (Doc. 22.)  Williams had been placed in handcuffs already when the video

starts.  The parties agree that Williams, who is sitting on a bench or chair, refused Deputy

Crawford's commands to lift up his right leg to be placed in shackles.  They also appear to agree

that Williams requested or demanded that Deputy Crawford use "bear claws," a larger leg

restraint, rather than the standard leg shackles.  In response, Deputy Miniard came over and

forcibly raised Williams's right leg, which enabled Deputy Crawford to place a restraint around

his right ankle.  Deputy Miniard then forcibly pushed Williams's right leg back down,

immediately grabbed his left leg, and lifted it up above the height of the bench.  Williams slid off

the bench and landed on the floor with his back against the floor.  Deputy Miniard secured the

shackle around Williams's left ankle while he lay down with his back on the floor. Next, Deputy Miniard pulled Williams off the floor and seated him on the bench. He then walked Williams out the booking area, with Williams visibly limping or hobbling as Deputy Miniard held his arm. The parties dispute a few facts about the encounter, including whether Williams fell from the bench to the floor by his own volition when Deputy Miniard lifted up his left leg.

After Williams was transferred to the custody of the United States Marshal Service at the courthouse, the Marshal Service removed the leg shackles. They determined to seek medical attention for Williams and took him to the hospital. Williams received a CT scan of his spine and x-rays of his right ankle and lumbar spine. He was diagnosed with "acute right ankle pain" and released from the hospital that same day. (Doc. 32 at PageID 217–218.)

On September 17, 2019, the Butler County Sheriff's Office issued Deputy Miniard a written reprimand for the incident which read as follows:

> This letter shall serve as an official written reprimand to you, for violation of Policy and Procedures 2.20 Attention to Duty, 35. Unsatisfactory Performance.
>
> On Friday, September 13, 2019, Deputy Crawford was attempting to put ankle restraints on a federal inmate. The inmate was seated at the booking desk and was being uncooperative and argumentative. You assisted Deputy Crawford by lifting the inmate's right leg and successfully applying that restraint. You then lifted the inmates left leg, and in the manner of doing so, caused the inmate to tilt back. At this point, it appears the inmate took this opportunity to use his momentum to intentionally fall from the seat. After reviewing the jail video and documentation from you and Deputy Crawford, I find your actions were unfavorable and exacerbated an already contentious situation.
>
> Continued conduct of this nature cannot and will not be tolerated by this Office, and further violations will be cause for more severe action against you to include consideration for termination by Sheriff Jones.

(Doc. 33-3 at PageID 367.)

**B.    Procedural History**

Williams filed this suit against Deputy Miniard and Butler County, Ohio on October 21,

2021 in the Butler County, Ohio Court of Common Pleas.  (Doc. 2.)  He then amended the

Complaint on November 30, 2021 substituting Sheriff Jones for Butler County as a defendant.

(Doc. 3.)  He asserted five purported causes of action against Sheriff Jones and Deputy Miniard:

(1) negligence; (2) intentional infliction of emotional distress; (3) excessive force; (4) negligent

retention/supervision, and (5) punitive damages.  (Doc. 2 at PageID 21–23.)  Defendants

removed the action to this Court on January 3, 2022.  (Doc. 1.)

      The Magistrate Judge allowed a reasonable period of discovery, but Williams filed an

early Motion for Summary Judgment on August 1, 2022.  (Doc. 21.)  Defendants deposed

Williams on August 30, 2022.  (Doc. 32.)  Subsequently, Defendants filed their Motion for

Summary Judgment on September 30, 2022.  (Doc. 33.)  Williams filed several motions after the

summary judgment deadline, including motions to take additional discovery, to amend his

Complaint to add new claims and new defendants, and to amend his Motion for Summary

Judgment.  (*See*, *e.g.*, Docs. 39, 42, 44, 47, 53.)  On January 10, 2023, the Court issued a

comprehensive Order and Report and Recommendation ("Order and R&R") denying Williams

requests to take additional discovery and to amend the pleadings.  (Docs. 65, 66.)[1]  On February

9, 2023, when Williams had not timely filed objections to the Order and R&R, the Court issued

an Order Adopting the R&R recommendation to deny Williams's request to amend the

Complaint.  (Doc. 71.)

      The Magistrate Judge issued the Summary Judgment R&R later that same day.  (Doc.

72.)  Subsequently, Defendants filed their Objections to the Summary Judgment R&R, and

Williams filed the myriad of motions discussed in the Analysis below.

---

[1]  The single Order and R&R was filed with separate docket entries to reflect that Magistrate Judge's separate conclusions on dispositive and non-dispositive matters.

## II.     ANALYSIS

The Court will address Williams's miscellaneous motions first and then turn to the

Motions for Summary Judgment and the Summary Judgment R&R.

### A.     Williams's Supplemental Motion to Reconsider Motion to Amend Complaint (Doc. 80); Motion to Reconsider Motion Amending Complaint (Doc. 98); and Motion to Amend Complaint and Summary Judgment (Doc. 100)

Williams first moved to amend the Complaint on October 17, 2022, after the summary

judgment deadline.  (Doc. 42.)  He sought to add Deputy Crawford as a defendant.  (*Id.* at

PageID 468.)  On October 24, 2022, he again moved to amend the Complaint, this time to add

claims against eight additional officers—officers who were assigned to the booking area on the

day of the shackling incident—for failure to intervene when Deputy Miniard allegedly used

excessive force.  (Doc. 47 at PageID 558.)  Additionally, Williams filed a Motion to Amend

Motion for Summary Judgment on October 17, 2022 in which he suggested that nine on-duty

supervising officers also should be held liable for failure to intervene and deliberate indifference.

(Doc. 44 at PageID 481–482.)  In other briefs, Williams argued that the reason that he did not

move to add the new defendants and new claims earlier is that he did not receive the shift

assignment sheets from Defendants until October 4, 2022.  (Doc. 58 at PageID 653; Doc. 59 at

PageID 663.)  Defendants opposed further amendment of the Complaint.

In the January 10, 2023 Order and R&R, the Magistrate Judge recommended denying

Williams's Motions to Amend.  She determined that the Motions to Amend were untimely and

the proposed claims against new defendants would be barred by the applicable statute of

limitations.  (Doc. 66 at PageID 734–735.)  The Magistrate Judge found that, contrary to his

assertions, Williams knew the identities of the proposed new defendants on or about July 13,

2022 when Defendants mailed to Williams their responses to his written discovery requests.

(Doc. 20; *see also* Doc. 29 at PageID 155–156.)  In fact, Williams testified at his deposition on August 30, 2022 that Deputy Crawford was the other officer who participated in the shackling incident in the booking area on September 13, 2019.  (Doc. 32 at PageID 194.)  Additionally, she concluded that the proposed new claims against new defendants were time-barred under the two-year statute of limitations.  *See Zakora v. Chrisman*, 44 F.4th 452, 480 (6th Cir. 2022) ("[A]n amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations."), *denying rehearing en banc*, 2022 WL 10219849 (6th Cir. Oct. 3, 2022), *and petition for certiorari docketed* (U.S. Jan. 5, 2023).  This Court adopted the January 10, 2023 Order and R&R as to recommendation to deny amendment of the Complaint.  (Doc. 71.)

The pending Supplemental Motion to Reconsider Motion to Amend restates arguments previously made by Williams and rejected by the Court.  (Doc. 80.)  The pending Motion to Reconsider Motion Amending Complaint is different only to the extent that, for the first time, Williams has attached a Proposed [Amended] Complaint.  (Doc. 98-1.)  Finally, in the latest Motion to Amend, Williams contends that requires leave to amend because he did not view the surveillance video until after the discovery deadline.  (Doc. 100.)  The new Motions do not provide a basis for the Court to change its earlier determination.  Rather, the Court concurs with the Magistrate Judge that the Complaint should not be further amended to add new parties or claims at this late date.  For this reason, the Court **DENIES** Williams's Supplemental Motion to Reconsider Motion to Amend Complaint (Doc. 80), Motion to Reconsider Motion Amending Complaint (Doc. 98), and the Motion to Amend Complaint and Summary Judgment (Doc. 100).

**B.      Motion for Reconsideration (Doc. 82)**

In this Motion, William asks the Court to reconsider the Objections (Doc. 73) he

attempted to file to the Magistrate Judge's January 10, 2023 Order and R&R (Docs. 65, 66). The Clerk of Court served the Order and R&R on Williams by mail that same day, which service was complete upon mailing pursuant to Federal Rule of Civil Procedure 5(b)(2)(C). The text of the Notice attached to the January 10, 2023 Order and R&R stated objections were due "within 14 days of being served." (Doc. 66 at PageID 743.) Three days must be added to that time because service was made by mail pursuant to Federal Rule of Civil Procedure 6(d). Therefore, Williams was required to mail his Objections by January 27, 2023.[2]

Four days after this deadline, on January 31, 2023, Williams turned over to prison officials for mailing a Motion for Extension of Time to File Objections. (Doc. 68 at PageID 752–753.) Then, on February 1, 2023, Williams turned over to prison officials for mailing his Objections to the January 10, 2023 Order and R&R. (Doc. 73 at PageID 802.)[3] On February 8, 2023, the Court denied the Motion for Extension of Time to File Objections as untimely. (Doc. 70.) Thereafter, on February 9, 2023, the Court issued its Order adopting the January 10, 2023 Order and R&R as to the recommendation to deny the Motions to Amend the Complaint. (Doc. 71.) Williams's Objections to the January 10, 2023 Order and R&R were not received and filed by the Clerk of Court until February 10, 2023. (Doc. 73.)

In this pending Motion for Reconsideration, Williams asserts that he did not receive the January 10, 2023 Order and R&R from prison officials until January 28, 2023.[4] (Doc. 82 at PageID 854.) His Objections were untimely, but to alleviate any concerns about fairness, the

---

[2] "[A] pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

[3] Williams dated the certificate of service as January 1, 2023, but that must be an error. The Objections were processed by the prison officials on February 2, 2023.

[4] On March 21, 2023, the Court issued an Order directing the Clerk of Court and Defendants, when serving Williams by mail, to write the phrase ""SPECIAL LEGAL MAIL—Open Only in the Presence of the Inmate" on the front of the envelopes. (Doc. 93.) The Court hopes this alleviates Williams's concerns about delayed receipt of court filings.

Court explains below that Williams's Objections to the January 10, 2023 Order and R&R also fail on the merits. When reviewing objections to a magistrate judge's decision on a nondispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). When reviewing objections to a report and recommendation on a dispositive matter, a district judge must review it under the de novo standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).

Many of the Williams's objections concern his earlier requests to obtain additional discovery and to take depositions before the Magistrate Judge issued her summary judgment ruling. Williams essentially reiterates the same arguments he made in his original briefs on each issue. The Magistrate Judge denied these requests in the January 10, 2023 Order and R&R. She carefully considered the parties' contentious and difficult efforts at exchanging discovery. She also pointed out where Williams had failed to comply with the proper discovery procedures, such as his failure to explain the method by which he would record deposition testimony or how he would pay for the cost of the recording. (Doc. 66 at PageID 730.) The discovery rulings were not clearly erroneous nor contrary to law.

Likewise, Williams's objections to the Magistrate Judge's recommendations that the Court deny the Motions to Amend the Complaint reiterates the same arguments Williams made in his original briefs. They do not change this Court's conclusion that allowing Williams to amend the Complaint to add new parties and claims at this late date would be improper.

Accordingly, the Court **DENIES** the Motion for Reconsideration (Doc. 82), because even if the Court had considered Williams's Objections to the January 10, 2023 Order and R&R on the merits, the Court would affirm the Order on the discovery issues and adopt the R&R on the Complaint amendment issues.

8

**C.    Motion to Reconsider Plaintiff's Motion to Amend Motion for Summary Judgment (Doc. 88)**

Plaintiff's Motion to Reconsider Plaintiff's Motion to Amend Motion for Summary Judgment filed on March 10, 2022 repeats word-for-word Plaintiff's Motion to Amend Motion for Summary Judgment filed on October 17, 2022.  (*Compare* Docs. 44, 88.)  The only difference is that in seven locations, Williams adds a general notation that the Court should consider the surveillance video, the hospital records, and other items of discovery in support of his argument.  (Doc. 88 at PageID 902, 903, 904, 906, 907, 908.)  The Magistrate Judge recommended denying the Motion to Amend Motion for Summary Judgment in the January 10, 2023 Order and R&R because it was untimely and an improper vehicle to add new claims.  (Doc. 66 at PageID 734–735.)  The Court stated in a previous section that it would adopt the Order and R&R on all respects.  Because Williams raises no new arguments therein, the Court **DENIES** Plaintiff's Motion to Reconsider Plaintiff's Motion to Amend Motion for Summary Judgment (Doc. 88).

**D.    Summary Judgment Motions (Doc. 21, 33), Summary Judgment R&R (Doc. 72), Defendants' Objections (Doc. 79), Plaintiffs' Motions for Extension to File Objections (Docs. 85, 87), Plaintiffs' Motion to Strike Defendant's Opposition to Plaintiff's Objections to the Summary Judgment R&R (Doc. 96)**

In the Summary Judgment R&R, the Magistrate Judge recommended denying summary judgment to Williams on all claims and denying summary judgment to Deputy Miniard on the 42 U.S.C. § 1983 excessive force claim and the state law negligence claim.  She further recommended granting summary judgment to Defendants on the individual capacity claims against Sheriff Jones, the official capacity claims against both Defendants, and the intentional

infliction of emotional distress claim against Defendant Miniard.  Williams and Defendants have filed Objections.[5]

Federal Rule of Civil Procedure 56 governs motions for summary judgment.  Summary judgment is appropriate if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant has the burden to show that no genuine issues of material fact are in dispute.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–587 (1986); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011).  The movant may support a motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–324 (1986).  In responding to a summary judgment motion, the nonmoving party may not rest upon the pleadings but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).  "Where the parties have filed cross-motions for summary judgment, the court must consider each motion separately on its merits, since each party, as a movant for summary judgment, bears the burden to establish both the nonexistence of genuine issues of material fact and that party's entitlement to judgment as a matter of law."  *In re Morgeson,* 371 B.R. 798, 800–801 (B.A.P. 6th Cir. 2007).

### 1.     Plaintiffs' Objections (Docs. 85, 87) and Motions to Strike Defendants' Opposition (Doc. 96)

The Summary Judgment R&R was served on Williams by U.S. mail sent on February 9, 2023.  Under the Federal Rules of Civil Procedure, Williams had seventeen days, or until February 26, 2022, to prepare and turn over any objections to prison officials for filing.

---

[5]  The Court is liberally construing Plaintiffs' Motions for Extension to File Written Objections (Docs. 85, 87) as substantive objections to the Summary Judgment R&R.

Williams prepared and mailed two separate sets of objections, both on February 28, 2023. (Docs. 85 at PageID 870; Doc. 87 at PageID 891.) The Court can deny both sets of objections as untimely. Moreover, the Court can deny the second set of objections because neither Federal Rule of Civil Procedure 72 nor 28 U.S.C. § 636 authorize filing separate sets of objections seriatim. Williams did not explain why he did not put his objections in one filing. Nonetheless, the Court also concludes that both sets of objections should be overruled on the merits.

Plaintiff first objects to the Magistrate Judge's recommendation that his Motion for Summary Judgment be denied "because of the lack of notary or under penalty of perjury." (Doc. 85 at PageID 868.) The Magistrate Judge did not recommend denying his Motion for Summary Judgment on this basis. She explicitly recommended denying his Motion for Summary Judgment because, at time it was filed on August 1, 2022, "he submitted no evidence in support" of it.[6] This is factually correct. The Court will overrule this objection.

In his second and third objections, Williams objects to the Magistrate Judge's recommendation to grant summary judgment to Sheriff Jones because she denied his motions to substitute Deputy Crawford for Sheriff Jones as a defendant. (Doc. 85 at PageID 869; Doc. 87 at PageID 885.) This objection is not well-taken. It does not address the substantive reasons that the Magistrate Judge recommended granting summary judgment to Sheriff Jones. Moreover, the Court already has affirmed the decision of the Magistrate Judge to deny Williams's Motions to Amend. The Court will overrule these objections.

In his fourth objection, Williams objects to the Magistrate Judge's conclusion that Sheriff Jones was entitled to qualified immunity. (*Id.*) He appears to be arguing that he requires

---

[6] The Magistrate Judge considered as substantive evidence for purposes of Defendants' Motion for Summary Judgment two purported "Affidavits" submitted by Williams that complied with the requirement for unsworn declarations under the penalty of perjury pursuant to 28 U.S.C. § 1746. The declarations are found at CM/ECF Doc. 39 at PageID 442–443 and Doc. 55 at PageID 634–637.

additional discovery to establish that Deputy Miniard had a history of misconduct of which Sheriff Jones was aware and to which he was deliberately indifferent. This is not a proper basis for an objection. The Magistrate Judge set a reasonable discovery and summary judgment briefing schedule. The evidence in the record indicates that the September 17, 2019 written reprimand arising from this shackling incident is Deputy Miniard's only employment discipline. (Doc. 33-3 at PageID 366.) Relatedly, and contrary to Williams's arguments in the second set of objections, Williams has provided no basis upon which Sheriff Jones could be held liable for failure to supervise. There is no evidence that he was present during the shackling incident. The Court will deny this objection

In his fifth objection, Williams objects to the "denial of the state law the negligent retention claim against Butler County." (Doc. 85 at PageID 869.) Williams provides no basis for the Court to conclude that the recommendation was not correct. The Court will deny this objection.

In his last objection, Williams objects to the "denial of the intentional infliction of emotional distress claim and the one year statute of limitations for assault and battery." (*Id.*) However, the Magistrate Judge properly determined that the one-year statute of limitations applied to the intentional infliction of emotional distress claim because the essential character of the claim is for offensive physical contact. *See Kaschalk v. Parker*, No. 5:15-cv-1871, 2016 WL 3668161, at *2–3 (N.D. Ohio July 11, 2016). The Court will deny this objection as well. For all of these reasons, Court **DENIES** Plaintiff's Motions for Extension to File Written Objections (Doc. 85, 87).

In a related pleading, Plaintiff filed a Motion to Strike Defendants' Opposition to Plaintiffs' Objections to Magistrate Judge Report and Recommendation. (Doc. 96). "Motions to

strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015); *see also Mapp v. Bd. of Ed. of the City of Chattanooga, Tenn.*, 319 F.2d 571, 576 (6th Cir. 1963) (recognizing strike orders as a relatively "drastic remedy to be resorted to only when required for the purposes of justice" or "when the pleading to be stricken has no possible relation to the controversy"). Defendants had the right to file their Response in Opposition to Plaintiff's Objections (Doc. 86). The Response in Opposition was not improper, immaterial, or scandalous, regardless of whether Williams disputes the substantive merits of Defendants' arguments. For that reason, the Court **DENIES** Plaintiff's Motion to Strike Defendants' Opposition to Plaintiffs' Objections to Magistrate Judge Report and Recommendation (Doc. 96).

### 2. Defendants' Objections (Doc. 79)

Finally, the Court will consider Defendants' Objections to the Summary Judgment R&R. Defendants first argue that the Court should reject the Magistrate Judge's recommendation that a genuine issue of disputed fact precludes summary judgment on Defendants' affirmative defense of administrative exhaustion. The Prison Litigation Reform Act ("PLRA") provides in relevant part as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Defendants object that the Magistrate Judge should not have relied on Williams's factual assertion that he filed two grievance appeals to the warden, in the absence of corroborating documentary evidence. However, the Court agrees with the Magistrate Judge that "a prisoner's sworn affidavit, standing alone, may create a genuine dispute of material fact that forecloses summary judgment on exhaustion even if the record lacks corroborating evidence."

*Lamb v. Kendrick*, 52 F.4th 286, 296 (6th Cir. 2022). Defendants' attempts to distinguish *Lamb* are not persuasive. The Court will deny the objection.

In their second objection, Defendants argue that the Magistrate Judge was wrong to construe Williams's excessive force claim as arising under the Fourteenth Amendment. They accurately point out that Williams pleaded the excessive force claim as an Eighth Amendment cruel and unusual punishment claim in the Complaint. (Doc. 2 at PageID 22.) Nonetheless, there is no dispute that the factual basis of the claim is that Deputy Miniard used excessive force and caused injury to Williams's ankle. Defendants do not contend that they were unable to conduct discovery or prepare a defense on the merits for this claim. These circumstances distinguish this case from those cited by Defendants in which courts did not permit plaintiffs to assert new claims for the first time at summary judgment. Defendants also do not dispute that the Fourteenth Amendment's objectively unreasonable standard governs claims for excessive force against pretrial detainees. *Kingsley v. Hendrickson*, 576 U.S. 389, 396–397 (2015) (stating that "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable"). Accordingly, the Court will deny this objection.

Turning to the third objection, Defendants argue that the Magistrate Judge wrongfully relied on inadmissible evidence in her analysis of the excessive force claim. The Magistrate Judge cited Williams's declaration where he asserted that "[Deputy Miniard] heard me requesting Deputy Crawford for the Bear claws bigger ankle restraint because of my injury." (Doc. 55 at PageID 634; Doc. 72 at PageID 776.) Defendants argue that statement is inadmissible because Williams could not have personal knowledge of what Deputy Miniard heard. However, this argument is immaterial. The Magistrate Judge also cited Deputy Miniard's own declaration to establish that he knew Williams had requested the use of larger shackles.

(Doc. 72 at PageID 776.)  Deputy Miniard stated in his declaration that he "personally witnessed Inmate Qian Williams verbally demand that Deputy Joseph Crawford use a different pair of shackles on the inmate's ankles."  (Doc. 33-3 at PageID 365.)  The Court will deny the third objection.

In the fourth objection, Defendants argue that the Magistrate Judge wrongfully disregarded discrepancies between Williams's deposition testimony about the shackling incident and the video surveillance footage from the booking area showing the incident.  However, neither the Magistrate Judge, nor the Court dispute that discrepancies exist.  However, even relying solely on a video surveillance footage, Deputy Miniard is not entitled to summary judgment.  Reasonable factfinders could conclude that Deputy Miniard used objectively unreasonable force when he shackled Williams.  The Court will deny this objection.

As to the fifth objection, Defendants argue that the Magistrate Judge erred in determining that Deputy Miniard is not entitled to qualified immunity.  The Court disagrees.  The Magistrate Judge properly concluded that the rights to be free from unduly tight restraints and from gratuitous violence when already restrained is clearly established for purposes of qualified immunity.  *See, e.g.*, *Morrison v. Bd. Of Trustees Of Green Twp.*, 583 F.3d 394, 407 (6th Cir. 2009) ("'Gratuitous violence' inflicted upon an incapacitated detainee constitutes an excessive use of force, even when the injuries suffered are not substantial."); *Burchett v. Kiefer*, 310 F.3d 937, 944 (6th Cir. 2002) ("The right to be free from 'excessively forceful handcuffing' is a clearly established right for qualified immunity purposes."); *Kostrzewa v. City of Troy*, 247 F.3d 633, 642 (6th Cir. 2001) (stating in a handcuffing case that "the right to be free from excessive force is clearly established").  The Court will deny this objection.

Finally, in the sixth objection, Defendants argue that the Magistrate Judge erred in denying summary judgment to Deputy Miniard on the negligence claim because the claim had been abandoned by Williams.  Defendants assert that Williams did not address this claim in his opposition to Defendants' Motion for Summary Judgment.  It is true that Williams did not use the term "negligence" in his opposition brief, but he did argue that Defendants were not entitled to statutory immunity under Ohio Revised Code chapter 2744 because they acted in bad faith or in wanton and reckless manner.  (Doc. 38 at PageID 432.)  As such, Williams responded to the basis upon which Defendants had moved for summary judgment on the negligence claim.  The Court will deny this last objection because it does not agree that Williams abandoned his state law negligence claim.

For these reasons, the Court **DENIES** Defendants' Objections to the Summary Judgment R&R.

III.    **CONCLUSION**

For the foregoing reasons, Williams's Motion for Summary Judgment (Doc. 21) is

**DENIED**, Defendants' Motion for Summary Judgment is **GRANTED IN PART AND**

**DENIED IN PART**, the Magistrate Judge's Summary Judgment R&R (Doc. 72) is **ADOPTED**,

and the parties' Objections thereto (Docs. 79, 85, 87) are **DENIED**.

Finally, Williams's remaining Motions are resolved as follows:

- Supplemental Motion to Reconsider Motion to Amend Complaint (Doc. 80) is **DENIED**;

- Motion for Reconsideration (Doc. 82) is **DENIED**;

- Motion for Extension to File Written Objections (Doc. 85), which the Court interprets to be a first set of objections to the Summary Judgment R&R, is **DENIED**;

- [Second] Motion for Extension to File Written Objections (Doc. 87), which the Court considers to be a second Objections to the Summary Judgment R&R, is **DENIED**;

- Motion to Reconsider Plaintiff's Motion to Amend Motion for Summary Judgment (Doc. 88) is **DENIED**;

- Motion to Strike Defendants' Opposition to Plaintiff's Objections to Magistrate Judge Report and Recommendations (Doc. 96) is **DENIED**;

- Motion to Reconsider Motion Amending the Complaint (Doc. 98) is **DENIED**; and

- Motion to Amend Complaint and Summary Judgment (Doc. 100) is **DENIED**.

This case now will proceed to trial on Williams's claim against Deputy Miniard on the 42 U.S.C.

§ 1983 claim for excessive force and the state law negligence claim.  The Court will set a status

and scheduling conference in a separate order.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

17