UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| QIAN WILLIAMS,<br>    Plaintiff, | Case No. 1:22-cv-1<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| CHRIS MINIARD, *et al.*,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

On October 21, 2021, incarcerated plaintiff Qian Williams initiated a civil rights action in the Butler County, Ohio Court of Common Pleas. (*See* Doc. 1-1). Plaintiff sued Butler County, Ohio Sheriff Richard K. Jones and deputy sheriff Chris Miniard for state and federal law violations based on tight handcuffing while plaintiff was a federal pretrial detainee on September 13, 2019. (*See id.*; Doc. 3). On January 3, 2022, defendants removed the action to this Court. (Doc. 1).

On February 9, 2023, the undersigned issued an Order and Report and Recommendation on the parties' cross-motions for summary judgment that recommended denying plaintiff's motion for summary judgment (Doc. 21) and granting in part and denying in part defendants' motion for summary judgment (Doc. 33). (Doc. 72). The District Judge adopted those recommendations, including the recommendation that there remains a genuine issue of material fact regarding plaintiff's exhaustion of his administrative remedies (*see* Doc. 72 at PAGEID 771-72). (Doc. 103). The undersigned also issued an Order denying plaintiff's motion for Rule 11 sanctions based on alleged perjury and forgery related to a grievance form submitted by defendants in connection with their motion for summary judgment (Doc. 33-2 at PAGEID 310, 362). (Doc. 92).

These same perjury and forgery allegations are before the Court in plaintiff's pending "Motion to Dismiss for Fraud upon The Court" (Doc. 97) and defendants' response (Doc. 102). Plaintiff moves pursuant to Rule 60(b)(3), which allows for relief from a final judgment or order because of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3).

Plaintiff argues that Butler County Jail Warden Nicholas Fisher committed perjury in his declaration when he stated that plaintiff submitted his grievance form on September 27, 2019. (*See* Doc. 97, referring to Doc. 33-2, PAGEID 310 at ¶ 6). Plaintiff states the handwriting in the top portion of the grievance form, including the "Inmate Name" and "Date of Request" sections, is not his own. (*See* Doc. 33-2 at PAGEID 362). Plaintiff acknowledges that defendants do not dispute this. (*See* Doc. 97 at PAGEID 991-93). But plaintiff argues that defendants' "counsel knew that at the time plaintiff was in custody at Butler County Jail that inmates had to get the inmate grievance from the [correctional officer]'s desk and fill it out on his own. . . ." (Doc. 97 at 996; *see also id.* at PAGEID 994 ("Clearly the defendants w[ere] aware of how the grievance process is done and intentionally perpetrated a fraud on the Court. . . .")). Defendants argue in response that the Court has already addressed these allegations, which were not material to its ruling on their motion for summary judgment with respect to exhaustion. Defendants also argue that plaintiff has not met his burden under Rule 60(b)(3).

Plaintiff does not identify the final judgment or order from which he seeks relief. The declaration and grievance form at issue are relevant to the issue of exhaustion, which—to the extent it is the subject of a final order[1]—was resolved in plaintiff's favor on summary judgment.

---

[1] *See Taylor v. Davidson Cnty. Sheriff's Dep't*, 832 F. App'x 956, 959 (6th Cir. 2020) ("Typically, an order denying summary judgment is not an appealable final order." (citation omitted)).

2

(*See* Doc. 72 at PAGEID 771-72; Doc. 103).  For these reasons, the Court is unable to discern the relief plaintiff seeks.

Even if plaintiff had identified the final order from which relief is allegedly warranted, plaintiff has not satisfied the Rule 60(b)(3) standard.  Relief under Rule 60(b)(3) requires plaintiff to provide "clear and convincing evidence[] that one or more of the three kinds of misbehavior referred to in the rule occurred."  *Lester v. Wow Car Co.*, 675 F. App'x 588, 591 (6th Cir. 2017) (quoting *Jordan v. Paccar, Inc.*, 97 F.3d 1452, 1996 WL 528950, at *8 (6th Cir. 1996) (unpublished table decision)).  Plaintiff has failed to submit any evidence—let alone clear and convincing evidence—establishing fraud, misrepresentation, or misconduct by defendants.  Plaintiff's unsworn allegations do not support relief under Rule 60(b)(3).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion to dismiss (Doc. 97) be **DENIED**.

Date: 5/22/2023

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

QIAN WILLIAMS,  
    Plaintiff,

vs.

CHRIS MINIARD, *et al.*,  
    Defendants.

Case No. 1:22-cv-1  
Dlott, J.  
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).