IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Qian Williams, | : | Case No. 1:22-cv-001 |
| | : | |
|    Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
|    v. | : | Order Adopting Report and |
| | : | Recommendation and |
| Chris Miniard, *et al.*, | : | Denying Motion to Dismiss for Fraud |
| | : | Upon the Court |
|    Defendants. | : | |

      This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Karen L. Litkovitz on May 22, 2023. (Doc. 104.) The Magistrate Judge recommended therein that the Court deny Plaintiff Qian Williams's Motion to Dismiss for Fraud Upon the Court pursuant to Rule 60(b)(3). (Doc. 97.) Williams failed to timely file objections to the Report and Recommendation.

      Magistrate judges are authorized to decide dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. If a party timely files objections to a magistrate judge's decision on a nondispositive matter, a district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review it under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). However, "[t]he district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made." *Weir v. Centurion*, No. 3:19-CV-00131, 2021 WL 5165930, at *1 (M.D. Tenn. Nov. 5, 2021). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with

instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantively similar).

Here, the Court has reviewed *de novo* the Magistrate Judge's recommendation to deny the Motion to Dismiss for Fraud Upon the Court pursuant to Rule 60(b)(3), though no timely objections were filed. Rule 60(b)(3) allows the Court to relieve a party from a "final judgment, order, or proceeding" for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The Court has not issued a final judgment in this case. Moreover, the alleged fraud about which Williams complains is that someone else allegedly wrote his name and the wrong date at the top of an Inmate Grievance form dated September 27, 2019. (Doc. 33-2 at PageID 310, 362; Doc. 97 at PageID 991–992.) The Grievance itself appears relevant only to the issue of exhaustion of administrative remedies, an issue upon which the Court concluded that genuine disputes of material fact remain precluding summary judgment in favor of Defendants. (Doc. 72 at PageID 771–772; Doc. 103 at PageID 1053.) That is, the Court ruled for Williams and against Defendants on this issue. The Court is unable to discern a basis for granting Williams relief under Rule 60(b)(3).

Accordingly, the Report and Recommendation (Doc. 104) is **ADOPTED**, and the Motion to Dismiss for Fraud upon the Court (Doc. 97) is **DENIED**.

**IT IS SO ORDERED.**

                                            BY THE COURT:

                                            S/Susan J. Dlott
                                            Susan J. Dlott
                                            United States District Judge