IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Qian Williams, | : | Case No. 1:22-cv-001 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | Order Denying without Prejudice |
| | : | Motions in Limine |
| Chris Miniard, *et al.*, | : | |
| | : | |
| Defendants. | : | |

This matter is set for trial on February 20, 2024 on Plaintiff Qian Williams's claims against Defendant Chris Miniard, a Butler County Sheriff's Deputy, for excessive force in violation of the Fourteenth Amendment to the United States Constitution and gross negligence in violation of Ohio law. Pending before the Court are the following Motions:

 1. Defendant's Motion in Limine to Exclude Evidence Regarding Claims on Which Defendants Were Granted Summary Judgment (Doc. 113);

 2. Defendant's Motion in Limine to Exclude Plaintiff's Itemizations of Hospital Services (Doc. 114)

 3. Defendant's Motion in Limine to Exclude Evidence Unrelated to Pending Claims (Doc. 117)

 4. Plaintiff's Amended Motion in Limine to Exclude Irrelevant Evidence (Doc. 118).

Each of the Motions is contested. For the reasons that follow, the Court will **DENY WITHOUT PREJUDICE TO RENEWAL AT TRIAL** the Motions in Limine.

I.  STANDARDS OF LAW FOR MOTIONS IN LIMINE

District courts have authority to adjudicate motions in limine pursuant to their "inherent authority to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41 n. 4 (1984). Courts should exclude evidence in limine "only when evidence is clearly inadmissible on all potential

1


grounds." *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010) (citation omitted); *see also In re Davol, Inc.*, 575 F. Supp. 3d 924, 928 (S.D. Ohio 2021) (same). The Sixth Circuit has stated that the "better practice" is to address questions regarding the admissibility of broad categories of evidence "as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *In re Davol*, 575 F. Supp. 3d at 928 (stating preference to defer ruling until trial). "[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." *Owner–Operator Independent Drivers Ass'n v. Comerica Bank*, No. 05–CV–0056, 2011 WL 4625359, at *1 (S.D. Ohio Oct. 3, 2011) (citation omitted). Denial of a motion in limine does not necessarily mean that the evidence, which is the subject of the motion, will be admissible at trial. *Ind. Ins. Co. v. Gen. Elec. Co.,* 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## II.  ANALYSIS

The Motions in Limine discussed below raise issues concerning, among other topics, relevance, character evidence, prior bad acts, and impeachment. Chief Judge Marbley gave a concise overview of the relevant evidence rules in a 2021 decision:

> The relevance rules provide that evidence is relevant, and thus generally admissible, if it has "any tendency" to make a "fact ... of consequence in determining the action" "more or less probable than it would be without the evidence." Fed. R. Evid. 401, 402. Relevant evidence may be excluded, however, if the court determines that "its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.
>
> \* \* \*
>
> The rules on character evidence bar its use for propensity—that is, "to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). The same holds true for prior crimes, wrongs, or bad acts; however, such evidence is admissible for other purposes not related to propensity [such as motive, opportunity, and knowledge]. Fed. R. Evid. 404(b).

*Davis v. City of Columbus, Ohio*, No. 2:17-CV-0823, 2021 WL 5711891, at *1 (S.D. Ohio Dec. 2, 2021).

The Sixth Circuit applies a three-step analysis when faced with a Rule 404(b) prior bad acts question:

> *First,* the district court must decide whether there is sufficient evidence that the other act in question actually occurred.  *Second,* if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character.  *Third,* if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012) (citation omitted and emphasis in the original).

Prior criminal convictions can be admitted for impeachment purposes with certain restrictions:

> Rule 609 states that a conviction of a crime punishable by more than one year's imprisonment "must be admitted, subject to Rule 403, in a civil case ...."  Fed. R. Evid. 609(a)(1)(A).  Any conviction "must be admitted," regardless of the term of punishment, if "the elements of the crime required proving ... a dishonest act or false statement."  Fed. R. Evid. 609(a)(2).  A limiting principle "applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," in which case the probative value of the conviction must substantially outweigh the prejudicial effect.  Fed. R. Evid. 609(b).

*Davis*, 2021 WL 5711891, at *1.

**A.** **Defendant's Motion in Limine to Exclude Evidence Regarding Claims on Which Defendants Were Granted Summary Judgment (Doc. 113)**

**1.** **Claims against Sheriff Jones.**  In general, Defendant Deputy Miniard seeks the Court to exclude evidence regarding the claims upon which the Court has granted summary judgment in favor of Defendants: (1) claim against Defendant Sheriff Richard K. Jones for gross negligence; (2) claim against Deputy Miniard and Sheriff Jones for intentional infliction of emotional distress; (3) claim against Sheriff Jones for excessive force; (4) claim against Sheriff

Jones for negligent retention. Based on Williams's response, he will not seek to introduce evidence against Sheriff Jones for gross negligence, intentional infliction of emotional distress, or negligent retention or supervision. The Court expects that this issue is largely moot. However, William listed Sheriff Jones as a trial witness. (Doc. 130 at PageID 1234.) If Deputy Miniard objects to Sheriff Jones being called as a witness at trial, Williams will have to explain the basis upon which his testimony is relevant to a material fact in dispute.

2. **Intentional Infliction of Emotional Distress.** Deputy Miniard also seeks to exclude evidence on the intentional infliction of emotional distress claim against Deputy Miniard, upon which he was granted summary judgment. Williams responds that this is an improper attempt to keep him from presenting evidence on the emotional distress damages caused by Deputy Miniard's purported use of excessive force or gross negligence. The Court and the parties will not submit to the jury a separate intentional infliction of emotional distress claim. However, Williams likely will be permitted to put on evidence to prove emotional distress damages for both the § 1983 excessive force and Ohio gross negligence claims. *See Gohl v. Livonia Pub. Schs. Sch. Dist.*, 836 F.3d 672, 680 (6th Cir. 2016) ("The Fourteenth Amendment's right to be free from excessive force may include . . . protection from *physical* force that causes only psychological injury."); *Randolph v. Cline*, No. 81X34, 1983 WL 3116, at *3 (Ohio Ct. App. Feb. 1, 1983) ("Medical damages arising from emotional disturbance can only be awarded where the disturbance resulted from a willful, wanton, or malicious act.").

3. **Medical Records.** Deputy Miniard asks to exclude the testimony of any health care provider or their notes as to liability. He asserts that Williams's self-reports to the health care providers about how he was injured constitute inadmissible hearsay on the issue of liability. *See Huang v. Ohio State Univ.,* No. 2:19-CV-1976, 2023 WL 3113703, at *5 (S.D. Ohio Apr. 27,

4

2023) (excluding as hearsay at the liability stage of trial treatment notes that reflected the plaintiff told providers "about the alleged inappropriate touchings at issue"). In response, Williams asserts that he will not use medical records to prove liability, but rather he will use medical records to prove only damages. The court in the *Huang* decision cited by Deputy Miniard stated that it would allow the disputed medical records into evidence at the damages stage of that bifurcated trial. 2023 WL 3113703, at *5.

The issues of liability and damages will not be bifurcated at this trial. The Court anticipates that it will allow Williams to introduce authenticated medical records to the extent they are relevant to the prove the physical injury or damages. Deputy Miniard could request and propose a limiting instruction for the Court to read to jury.

Relatedly, Deputy Miniard argues that Williams cannot properly authenticate at least some of the medical records he will seek to introduce into evidence. Williams disputes that he will be unable to authenticate the medical records. Williams also contends that Deputy Miniard cannot credibly question the authenticity of any medical records which he produced in discovery. *See Churches of Christ in Christian Union v. Evangelical Benefit Trust*, No. C2-07-cv-1186, 2009 U.S. Dist. LEXIS 63058, at *15–16 (S.D. Ohio July 15, 2009). The Court cannot resolve this dispute about authentication of evidence at this time without reviewing the exhibits and hearing the authentication proffer.

     **5.**    **Ruling.** The Court will deny Defendant's first Motion in Limine without prejudice.

**B.**    **Defendant's Motion in Limine to Exclude Plaintiff's Itemization of Hospital Services (Doc. 114)**

Deputy Miniard seeks to exclude an itemized statement of hospital services on the grounds that none of Williams's witnesses can authenticate the documents. *See Scipio v. City of*

*Steubenville*, No. 2:05-cv-759, 2007 U.S. Dist. LEXIS, 32283, at *8 (S.D. Ohio May. 2, 2007) (excluding billing summary because no witness could authenticate it as required by Federal Rule of Evidence 901). Deputy Miniard also argues that because the statement is stamped "This is not a bill[,]" Williams will not be able to confirm that the statement is a current and complete bill. Deputy Miniard appears to be referring to Exhibit PX-9, of which the Court does not yet have a copy. (Doc. 130 at PageID 1243.)

In response, Williams asserts that he or his medical provider will be able to authenticate the medical itemization. The Western District of Kentucky held that a plaintiff may authenticate the medical bills himself by testifying that "he received medical treatment from a medical provider related to the injuries" and submitting "the bill he received from that medical provider." *Joseph v. Liberty Mut. Grp., Inc.*, No. 3:16CV-00642-JHM, 2018 WL 660636, at *1 (W.D. Ky. Feb. 1, 2018).

Williams is allowed to recover the "reasonable value" of his medical treatment as determined from all relevant evidence. *Robinson v. Bates*, 2006-Ohio-6362, ¶ 17, 112 Ohio St. 3d 17, 23, 857 N.E.2d 1195, 1200. "Both the original medical bill rendered and the amount accepted as full payment are admissible to prove the reasonableness and necessity of charges rendered for medical and hospital care." *Id.* The Court will not strike the medical itemization statement at this time without giving Williams the opportunity to establish its authenticity at trial. Accordingly, the Court will deny Defendant's second Motion in Limine without prejudice.

C. **Defendant's Motion in Limine to Exclude Evidence Unrelated to Pending Claims (Doc. 117)**

Deputy Miniard seeks to exclude Williams from making "baseless and offensive accusations" that Deputy Miniard is racist, threatened Williams in the transport vehicle, or engaged in a conspiracy with federal officers. Williams testified at his deposition that in the

transport vehicle immediately after the alleged use-of-force incident Deputy Miniard said that he would "beat [his] black A-S-S." (Doc. 32 at PageID 214, 227.) He also testified vaguely about a conspiracy between Deputy Miniard and the federal officers who arrested him. (Doc. 32 at PageID 251–256.) Deputy Miniard argues that these allegations are inadmissible pursuant to Rule 403 (excluding evidence that is substantially more prejudicial than probative) and Rule 404 (excluding character evidence to prove a person acted in accord with that character trait). Deputy Miniard points out that Williams has not asserted any race discrimination or harassment claims in this case.

In response, Williams first concedes he will not introduce evidence about a purported conspiracy between Deputy Minard and federal officers. That issue now appears to be moot. On the other hand, Williams argues that he should be permitted to testify that Deputy Minard made racist comments because Deputy Miniard's intent or motive are relevant to his request for punitive damages.

Deputy Miniard is correct that racist motivation or intent are not strictly relevant to claims for excessive force and wanton negligence. That is, motive need not be proven to establish liability. Williams's excessive force claim against a pretrial detainee arises under the Fourteenth Amendment and is based solely on an objective standard. "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–397 (2015). A pretrial detainee need not prove intent or motive, but rather he must prove that "the challenged governmental action [was] not rationally related to a legitimate governmental objective or that it [was] excessive in relation to that purpose." *Id.* at 398. The use of force must be "the result of an intentional and knowing act." *Id.* at 400.

Plaintiff Williams's gross negligence claim requires him to prove that Deputy Miniard acted with "very slight care" or that level of care "which a careless person would use." *Thompson Elec., Inc. v. Bank One, Akron, N.A.*, 37 Ohio St. 3d 259, 265, 525 N.E.2d 761, 768 (1988). It requires proving reckless or wanton behavior such that Deputy Miniard acted with a conscious disregard to an unreasonable risk of physical harm to Williams. *Wiley v. City of Columbus, Ohio*, 36 F.4th 661, 671 (6th Cir. 2022).

However, Williams is correct that whether Deputy Miniard had a racist intent or motivation during the leg-shackling incident may be relevant to the issue of punitive damages. "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be *motivated by evil motive or intent*, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983) (emphasis added). Deputy Miniard's own Proposed Jury Instructions cite to *Smith* for this principle. (Doc. 112 at PageID 1090.) Accordingly, pursuant to Rule 404(b)(2), the Court likely will permit Williams to introduce evidence that Deputy Miniard made racist statements on the day of the use-of-force incident to prove intent or motive or lack of accident. For this reason, the Court will deny Defendant's third Motion in Limine without prejudice.

**D.     Plaintiff's Amended Motion in Limine to Exclude Irrelevant Evidence (Doc. 118)**

**1.     Prior lawsuits and grievances.** Williams asks to exclude all evidence concerning prior lawsuits and grievances pursuant to Rule 404 because such evidence would be offered only to make Williams seem unlikeable or litigious. Deputy Miniard responds that he will not seek to introduce such evidence unless Williams first "opens the door to such evidence." The issue may be moot. If it is not, the Court notes that it would be inclined to introduce such evidence only in narrow circumstances. "Rule 404(b) prevents Defendants from using lawsuits

8

or grievances that occurred under different circumstances and were brought against different individuals to show bias or motive for filing the instant lawsuit." *Easley v. Haywood*, No. 1:08-CV-601, 2015 WL 1926399, at *2 (S.D. Ohio Apr. 28, 2015). "Such evidence should be admitted only in limited circumstances—when underlying facts between the incidents are similar, and therefore relevant to the instant case." *Id.*

2. **Disciplinary record in prison.** Williams also seeks to exclude evidence about Williams's disciplinary record in prison under Rule 404(b). Williams contends that evidence about his disciplinary record, including altercations with prison officials, should be excluded under Rule 404(b) to the extent it would be used to show his propensity for violence. Deputy Miniard again responds that he will not seek to introduce such evidence unless Williams first "opens the door to such evidence."

If the issue is presented at trial, the Court notes generally that "evidence of [a p]laintiff's prior and subsequent altercations with other prison officials is not admissible to show that he has a propensity or character for violence, that he had a tendency to react to authority in a particular way, nor that he was motivated to assault." *Easley*, 2015 WL 1926399, at *3. Evidence of a disciplinary record and altercations with prison officials might be admissible under Rule 404(b)(2) "to show motive, intent, and state of mind to the extent there exists a sufficient nexus between these other acts and" the incident at issue in this case. *Freeman v. Collins*, No. 2:08-CV-71, 2014 WL 325631, at *12 (S.D. Ohio Jan. 29, 2014). Evidence that the defendant correctional officer had prior knowledge about an inmate's past violent actions could be relevant to determine the threat perceived by the officer and the reasonableness of the force he used. *Id.*

3. **History of drug use.** Williams next moves to exclude any evidence about his history of drug use because there is no evidence that he was under the influence of drugs on the

9

day of the incident nor that Deputy Miniard was aware of his past drug use. Deputy Miniard argues in opposition that evidence about Williams's drug use is relevant because Williams is seeking emotional distress damages, and therefore, he has put his state of mind at issue. He asserts that the evidence will show that Williams was a heavy user of marijuana and that he abused it to cope with difficulties in his life.

The parties have not submitted any evidence concerning Williams's drug use for the Court to review. The Court agrees with Deputy Miniard that Williams's drug use may well be relevant to Williams's request for emotional distress damages. "One's drug use and/or dependency in the recent past is directly relevant to one's claim of present emotional distress." *United States v. Crawford*, Nos. 98CV743, 97CV1033, 1999 U.S. Dist. LEXIS 23396, at *7–8 (N.D. Ohio Feb. 4, 1999); *see also Wright v. Sam's E.*, No. 15-cv-2354, 2016 U.S. Dist. LEXIS 202143, at *4 (W.D. Tenn. Sep. 12, 2016) (stating that "alleged drug use is both relevant and probative of [a plaintiff's] mental condition" on damages, but not on liability). If such evidence is admitted at trial, Williams can seek an instruction to the jury limiting consideration of the evidence to the issue of damages only.

  **4.**   **Prior felony convictions.** Williams argues that his felony convictions that are more than 10 years old should be excluded pursuant to Rule 609(b). He argues that evidence concerning his felony convictions that are less than 10 years old should be limited to the fact of conviction and imprisonment without further discussion of the circumstances of his convictions.

Defendant Deputy Miniard responds that Williams's felony convictions and the length of his imprisonment also are relevant to the issue of damages. Deputy Miniard asserts that evidence will establish that Williams had anxiety about the length of the prison sentence he received at his 2019 federal criminal trial. Specifically, he argues that this was the real or greater cause of any

10

emotional distress Williams felt following the use-of-force incident.

It appears there might be at least limited agreement between the parties that the jury will be informed that Williams was convicted and imprisoned on federal charges in 2019 consistent with precedent in this district court. *Easley*, 2015 WL 1926399, at *7; *Lovett v. Cole*, No. 1:11-cv-277, 2014 WL 5802666, at *3 (S.D. Ohio Nov. 7, 2014). The Court urges the parties to confer and try to come to an agreement before trial opening statements as to whether the nature of Williams's crimes and the exact length of his sentence should be admitted. If they cannot come to an agreement, the Court will have to make a determination at trial when it learns what prior felony conviction facts Deputy Miniard seeks to introduce.

Similar to the drug use issue, when a plaintiff seeks damages for emotional distress caused by a defendant's conduct, the defendant should be permitted some leeway to produce evidence that another factor caused the emotional distress. *See Kennedy v. Cingular Wireless, LLC*, No. 2:06-cv-0975, 2007 U.S. Dist. LEXIS 60926, at *7 (S.D. Ohio Aug. 20, 2007). Also, because Williams is expected to testify, Rule 609 impeachment comes into play. Rule 609 presumes that all felony convictions are at least somewhat probative to impeach a witness's propensity to testify truthfully, but it requires a Rule 403 balancing of the probative value versus the prejudicial effect. The Sixth Circuit has laid out factors which might be relevant to the Rule 609(a)(1) analysis: "(1) The impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Moore*, 917 F.2d 215, 234 (6th Cir. 1990) (cleaned up).

**5.     Ruling.** For the above reasons, Plaintiff's Motion is Limine will be denied without prejudice.

11

### III. CONCLUSION

The Court will **DENY WITHOUT PREJUDICE TO RENEWAL AT TRIAL** the Motions is Limine (Docs. 113, 114, 117, and 118).

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge